**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security     0 Assumption of Executory Contract or Unexpired Lease     0 Lien Avoidance

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:   Maria Imelda Cardona          Case No.:  16-33716
                                       Judge:     JKS
                Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS - AMENDED

☐ Original                    ■ Modified/Notice Required        Date:  July 19, 2018
☐ Motions Included            ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ■ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ■ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ■ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  RLL         Initial Debtor:  MIC          Initial Co-Debtor  _____

### Part 1: Payment and Length of Plan

a. The debtor shall pay  160.00 Monthly  to the Chapter 13 Trustee, starting on  January 1, 2017  for approximately  36  months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ■ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____
- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____
- ■ Loan modification with respect to mortgage encumbering property:
  Description: All arrears will be part of the loan modification for property location 165 Hope Avenue, Passaic, New Jersey 07055
  Proposed date for completion: January 2019

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ■ Other information that may be important relating to the payment and length of plan:
Debtor will pay adequate payments directly to SPS in the amount of $1,547.01.

### Part 2: Adequate Protection    ■ NONE

a. Adequate protection payments will be made in the amount of $_____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ 1,547.01 monthly  to be paid directly by the debtor(s) outside the Plan, pre-confirmation to:  SPS  (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Russell L. Low 4745 | Attorney Fees | 3,000.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
■ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**Part 4: Secured Claims**

**a. Curing Default and Maintaining Payments on Principal Residence:** ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

**c. Secured claims excluded from 11 U.S.C. 506:** ■ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ■ NONE

    1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

    2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ■ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

<u>Creditor</u>
BAYVIEW FINANCIAL LOAN

**g. Secured Claims to be Paid in Full Through the Plan** ■ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
|  |  |  |

## Part 5: Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:
   ☐ Not less than $_____ to be distributed *pro rata*
   ☐ Not less than _____ percent
   ■ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6: Executory Contracts and Unexpired Leases    X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 7: Motions    X NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ■ NONE
The Debtor moves to avoid the following liens that impair exemptions:

4

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ■ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ■ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   - ■ Upon Confirmation
   - ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims
6) General Unsecured Claims

d. **Post-Petition Claims**

The Standing Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification    ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

5

| Date of Plan being modified: December 29, 2016. | |
|---|---|
| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
| The Plan is being modified because the Debtor needs additional time to complete a loan modification for her property. | The Plan is being modified by extending the deadline for the debtor to obtain a loan modification to January 2019. |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ■ No

### Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
■ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date   July 19, 2018          /s/ Russell L. Low
                              Russell L. Low 4745
                              **Attorney for the Debtor**

Date:  July 19, 2018          /s/ Maria Imelda Cardona
                              Maria Imelda Cardona
                              **Debtor**

Date:                         
                              **Joint Debtor**

### Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date   July 19, 2018          /s/ Russell L. Low
                              Russell L. Low 4745
                              **Attorney for the Debtor**

I certify under penalty of perjury that the above is true.

Date:  July 19, 2018          /s/ Maria Imelda Cardona
                              Maria Imelda Cardona
                              **Debtor**

Date:                         
                              **Joint Debtor**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 16-33716-JKS
Maria Imelda Cardona                                                    Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin              Page 1 of 2              Date Rcvd: Jul 20, 2018
                              Form ID: pdf901          Total Noticed: 33

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 22, 2018.
```
db             +Maria Imelda Cardona,    20 Arthur Street,    Clifton, NJ 07011-1414
516546698      +American Express,    American Express Special Research,    Po Box 981540,
                 El Paso, TX 79998-1540
516546697      +American Express,    P.O. Box 981535,    El Paso, TX 79998-1535
516758433       American Express Bank, FSB,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
516546706     ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
               (address filed with court: Bank Of America,     Attention: Recovery Department,
                 4161 Peidmont Pkwy.,    Greensboro, NC 27410)
516546700      +Bank Of America,    Po Box 17054,    Wilmington, DE 19850-7054
516546703      +Bank Of America,    Attn: Correspondence Unit/CA6-919-02-41,     Po Box 5170,
                 Simi Valley, CA 93062-5170
516546724     ++CITIBANK,    PO BOX 790034,    ST LOUIS MO 63179-0034
               (address filed with court: Citibank Sd, Na,     Attn: Centralized Bankruptcy,     Po Box 20507,
                 Kansas City, MO 64195)
516546713      +Chase,    Chase Card Services,    Po Box 15298,    Wilmington, DE 19850-5298
516546707      +Chase,    Po Box 15298,    Wilmington, DE 19850-5298
516546717      +Chase,    Attention: Bankruptcy,    Po Box 15298,    Wilmington, DE 19850-5298
516546712      +Chase,    Po Box 24696,    Columbus, OH 43224-0696
516546709      +Chase,    Po Box 901039,    Fort Worth, TX 76101-2039
516546718      +Chase Auto,    600 Community Drive,    Manhasset, NY 11030-3802
516546719      +Chase Bank,    Pob 19120,    Houston, TX 77224-9120
516546721      +Chase Manhattan Mortgage,    Attn; Bankruptcy Dept,     3415 Vision Dr. Mail Code: Oh4-7133,
                 Columbus, OH 43219-6009
516546722      +Chase Mht Bk,    Attention: Bankruptcy,    Po Box 15298,    Wilmington, DE 19850-5298
516546723      +Chase Mtg,    10790 Rancho Berna,    San Diego, CA 92127-5705
516546728      +El Especialito News Paper,    3711 Hudson Avenue,    Union City, NJ 07087-6015
516546729      +Emc Mortgage,    Attention: Bankruptcy Clerk,    Po Box 293150,    Lewisville, TX 75029-3150
516546731      +Hc Roya,    333 Holtzman Rd,    Madison, WI 53713-2109
516546733      +Hy Cite Corporation,    333 Holtzman Rd,    Madison, WI 53713-2109
516612943      +Pinnacle Credit Services, LLC its successors and,     assigns as assignee of Chase Bank USA,,
                 N.A.,    Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
516546737      +Wayne Emergency Medical Associates,    PO Box 779,    Livingston, NJ 07039-0779

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jul 20 2018 23:39:54      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jul 20 2018 23:39:49      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
516774626      +E-mail/Text: bkmailbayview@bayviewloanservicing.com Jul 20 2018 23:40:25
                 Bayview Loan Servicing, LLC,    4425 Ponce de Leon Boulevard, 5th Floor,
                 Coral Gables, FL 33146-1837
516546727       E-mail/Text: mrdiscen@discover.com Jul 20 2018 23:39:03      Discover Fin,    Po Box 15316,
                 Wilmington, DE 19850
516546726       E-mail/Text: mrdiscen@discover.com Jul 20 2018 23:39:03      Discover Fin,    Po Box 6103,
                 Carol Stream, IL 60197-6103
516546730      +E-mail/PDF: gecsedi@recoverycorp.com Jul 20 2018 23:47:09      Gemb/home Design,
                 Attn: Bankruptcy,    Po Box 103104,    Roswell, GA 30076-9104
516546732      +E-mail/PDF: gecsedi@recoverycorp.com Jul 20 2018 23:47:09      Homedn/gemb,    Po Box 981439,
                 El Paso, TX 79998-1439
516546735      +E-mail/PDF: resurgentbknotifications@resurgent.com Jul 20 2018 23:47:48
                 Pinnacle Credit Service,    Po Box 640,    Hopkins, MN 55343-0640
516784927       E-mail/Text: jennifer.chacon@spservicing.com Jul 20 2018 23:41:20
                 Select Portfolio Servicing, Inc.,    P.O. Box 65250,    Salt Lake City, UT 84165-0250
                                                                                              TOTAL: 9

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516546704*    ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
               (address filed with court: Bank Of America,     Po Box 982235,    El Paso, TX 79998)
516546705*    ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
               (address filed with court: Bank Of America,     Po Box 982235,    El Paso, TX 79998)
516546701*     +Bank Of America,    Po Box 17054,    Wilmington, DE 19850-7054
516546725*    ++CITIBANK,    PO BOX 790034,    ST LOUIS MO 63179-0034
               (address filed with court: Citibank Sd, Na,     Attn: Centralized Bankruptcy,     Po Box 20507,
                 Kansas City, MO 64195)
516546716*     +Chase,    Po Box 901039,    Fort Worth, TX 76101-2039
516546708*     +Chase,    Po Box 15298,    Wilmington, DE 19850-5298
516546710*     +Chase,    Po Box 15298,    Wilmington, DE 19850-5298
516546711*     +Chase,    Po Box 15298,    Wilmington, DE 19850-5298
516546714*     +Chase,    Po Box 15298,    Wilmington, DE 19850-5298
516546715*     +Chase,    Po Box 15298,    Wilmington, DE 19850-5298
516546720*     +Chase Bank,    Po Box 19120,    Houston, TX 77224-9120
516546734*     +Hy Cite Corporation,    333 Holtzman Rd,    Madison, WI 53713-2109
```

```
District/off: 0312-2          User: admin              Page 2 of 2               Date Rcvd: Jul 20, 2018
                              Form ID: pdf901          Total Noticed: 33

516546702    ##+Bank Of America,   Attn: Bankruptcy NC4-105-03-14,   Po Box 26012,   Greensboro, NC 27420-6012
516546699    ##+Bank Of America,   Attn: Bankruptcy NC4-105-02-77,   Po Box 26012,   Greensboro, NC 27420-6012
516546736    ##+Second Round Lp,   4150 Friedrich Lane Suit,   Austin, TX 78744-1052
                                                                            TOTALS: 0, * 12, ## 3
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 22, 2018                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 19, 2018 at the address(es) listed below:

```
          Alexandra T. Garcia    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC NJECFMAIL@mwc-law.com,
           nj-ecfmail@ecf.courtdrive.com
          Celine P. Derkrikorian    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC njecfmail@mwc-law.com
          Celine P. Derkrikorian    on behalf of Creditor    Bayview Loan Servicing, LLC njecfmail@mwc-law.com
          Denise E. Carlon    on behalf of Creditor    Wilmington Trust, NA, successor trustee to Citibank,
           N.A., as trustee, on behalf of the holders of the Structured Asset Mortgage Investments II Inc.,
           Bear Stearns ALT-A Trust II, Mortgage Pass-Through dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Kevin Gordon McDonald    on behalf of Creditor    Wilmington Trust, NA, successor trustee to
           Citibank, N.A., as trustee, on behalf of the holders of the Structured Asset Mortgage
           Investments II Inc., Bear Stearns ALT-A Trust II, Mortgage Pass-Through
           kmcdonald@kmllawgroup.com,   bkgroup@kmllawgroup.com
          Marie-Ann  Greenberg    magecf@magtrustee.com
          Rebecca Ann Solarz    on behalf of Creditor    Grand Avenue Mortgage Loan Trust 2017-RPL1
           rsolarz@kmllawgroup.com
          Rebecca Ann Solarz    on behalf of Creditor    Wilmington Trust, NA, successor trustee to Citibank,
           N.A., as trustee, on behalf of the holders of the Structured Asset Mortgage Investments II Inc.,
           Bear Stearns ALT-A Trust II, Mortgage Pass-Through rsolarz@kmllawgroup.com
          Russell L. Low    on behalf of Debtor Maria Imelda Cardona rbear611@aol.com,
           ecf@lowbankruptcy.com;r57808@notify.bestcase.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 10
```